**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **STEPHEN COOK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:14-cv-02077-SHM** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Before the Court are two motions. On February 3, 2014, Petitioner Stephen Cook filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1 ("First § 2255 Mot."); see also Mem. of Law in Supp. of Pet'r's § 2255 Mot., ECF No. 1-1 ("Mem. ISO First § 2255 Mot.").) Respondent United States of America (the "Government") filed a response to the First § 2255 Motion on July 29, 2014. (Resp. to Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 11 ("Resp. to First § 2255 Mot.").) Cook has not filed a reply in support of the First § 2255 Motion, and the deadline for requesting leave to do so has passed. L.R. 7.2(c).

On February 26, 2016, Cook filed another document titled "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody." (ECF No. 13 ("Second § 2255 Mot."); see also Mot. Pursuant to Sec. 2255 to Vacate[,] Set Aside or Correct Sentence, ECF No. 13 ("Mem. ISO Second § 2255 Mot.").[1]) The Government has not filed a response to the Second § 2255 Motion.

For the following reasons, the § 2255 Motions are DENIED.

## I.   BACKGROUND

### A.   Case No. 11-20006

On January 11, 2011, a federal grand jury returned a two-count indictment against thirteen defendants, including Cook. (Indictment in 11-20006,[2] ECF No. 3.) Both counts named Cook. (Id. at 1, 3.) Cook was charged with (1) one count of conspiring to possess, with the intent to distribute, at least 1,000 kilograms of a mixture and substance containing marijuana, in violation of 21 U.S.C. § 846 ("Count 1"); and (2) one count of conspiring to possess, with the intent to distribute, 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846 ("Count 2"). (Id. at 1-3.) On

---

[1] The document titled "Motion Pursuant to Sec. 2255 to Vacate[,] Set Aside or Correct Sentence" (PageID 73-82 in ECF No. 13), which Cook submitted together with the Second § 2255 Motion, is best understood as a memorandum in support of the Second § 2255 Motion. The Court will refer to this document as the Memorandum in Support of the Second § 2255 Motion.

[2] References to "11-20006" are to filings in United States v. Cook, No. 2:11-20006-SHM-tmp (W.D. Tenn.). References to "13-5264" are to filings in United States v. Cook, No. 13-5264 (6th Cir.).

May 18, 2011, a federal grand jury returned a First Superseding Indictment.  (ECF No. 175 in 11-20006.)  The superseding indictment removed one defendant and added four others, but did not change the substantive allegations against Cook.  (ECF No. 175 in 11-20006.)

On January 13, 2012, Cook and the Government filed in open court a previously agreed-upon Plea Agreement.  (ECF No. 397 in 11-20006 ("Plea Agreement"); Minutes, ECF No. 395 in 11-20006.) In the Plea Agreement, Cook agreed to plead guilty to Count 1 of the First Superseding Indictment.  (Plea Agreement ¶ 1.)  The Government agreed that, at sentencing, it would move for dismissal of any remaining counts of the indictment.  (Id. ¶ 2.)

Paragraph 4 of the Plea Agreement addresses the possibility that Cook will receive a sentencing reduction for acceptance of responsibility:

> [Cook] acknowledges that the Government will recommend that [he] receive the full reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, providing [Cook] commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the indictment.  However, [Cook] understands that whether or not acceptance of responsibility is granted is a matter to be determined by the district court, and failure of the district court to grant acceptance of responsibility is not a basis for the defendant to withdraw his guilty plea or to appeal his sentence.

Paragraph 7 of the Plea Agreement contains a waiver of Cook's right to appeal his conviction or sentence and a waiver of certain collateral attacks under § 2255:

> [Cook] acknowledges that he has been advised and does fully understand that if he proceeded to trial and had been convicted, that he would have had the right to appeal the conviction. He understands that by pleading guilty, he gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, [Cook] also hereby waives his rights to appeal his sentence, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. In this regard, it is also understood that [Cook] waives his right to challenge the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under [28 U.S.C. § 2255].

On January 31, 2012, the Court entered an Order on Change of Plea stating that "[p]lea colloquy was held and the Court accepted [Cook's] plea." (ECF No. 399 in 11-20006.)

Before Cook's sentencing hearing, the U.S. Probation Office prepared a Presentence Investigation Report. (Presentence Investigation Report in 11-20006-1 ("PSR") (on file with Court).) The PSR calculated Cook's guidelines-sentencing range pursuant

to the 2011 edition of the U.S. Sentencing Commission Guidelines Manual ("U.S.S.G."). (Id. ¶ 26.)

Cook's base offense level was 36. (Id. ¶ 27 (citing U.S.S.G. § 2D1.1).) That was based on a drug quantity of 6,622.56 kilograms of marijuana, 30 kilograms of cocaine, and 2.47 kilograms of methamphetamine. (Id.) The offense level was adjusted upward by four points based on Cook's being "an organizer or leader of a criminal activity that involved five or more participants." (Id. ¶ 30 (citing U.S.S.G. § 3B1.1(a).) That produced an adjusted offense level of 40. (Id. ¶ 32.) The PSR incorporated a three-point adjustment for acceptance of responsibility. (Id. ¶ 33 (citing U.S.S.G. § 3E1.1). The result was a total offense level of 37. (Id. ¶ 36.)

After reviewing Cook's criminal history, the PSR stated that he had zero criminal-history points, leading to a criminal-history category of I. (Id. ¶ 40; see also id. ¶¶ 38–39 (listing prior adult convictions).)

Cook's recommended guidelines-sentencing range, based on a total offense level of 37 and a criminal-history category of I, was 210 to 262 months. (Id. ¶ 81; see U.S.S.G. ch. 5 pt. A.) His statutory minimum sentence was 120 months. (PSR ¶ 80 (citing 21 U.S.C. § 846).)

On October 15, 2012, Cook filed objections to the PSR.[3] (Def.'s Objs. to the Presentence Investigation Report, ECF No. 669 in 11-20006.) Two are relevant here. First, Cook objected to numerous paragraphs in the PSR on the ground that there was no "factual basis for determining that he had any involvement in the transport of any cocaine or methamphetamine," as opposed to transport of marijuana. (Id. at 1.) Therefore, Cook contested the calculation of his base offense level. (Id. at 2.) Second, Cook objected to Paragraph 30 of the PSR "to the extent that it allege[d] that [Cook] was an organizer or leader" of the relevant operation. (Id.)

A sentencing hearing took place on February 15, 2013. (Minute Entry, ECF No. 806 in 11-20006; see also Tr. of Sentencing, ECF No. 872 in 11-20006 ("Sentencing Tr.").) As to the first objection, the parties and the Court agreed that Cook's offense level would not be based on any transport of methamphetamine. (Id. at 14-15; see also id. at 141.) They also agreed that Cook would be sentenced only based on 30 kilograms of cocaine.[4] (Id.

---

[3] Between the filing of the plea agreement and the filing of Cook's objections to the PSR, Cook switched attorneys. (See, e.g., Not. of Appearance, ECF No. 491 in 11-20006; Minutes, ECF No. 506 in 11-20006.)

[4] The Government offered to present proof of Cook's involvement in the possession of more than 30 kilograms of cocaine, if Cook continued to object that he had no involvement with cocaine. (Id. at 8-9, 12-13.)

at 14–15; see also id. at 143.)  Those agreements did not reduce

Cook's base offense level of 36.  (Id. at 16.)

The Court heard testimony addressing Cook's organizer/

leader objection.  (Id. at 25–95.)  Before hearing testimony,

the Court stated:

> Mr. Cook might succeed [with his objection]
> in which case his offense level would be re-
> duced by four.  If he fails and I conclude,
> I suppose, for the government or I conclude
> that he has frivolously denied relevant con-
> duct, then he probably will have his offense
> level increased by three because I won't be
> inclined to find his acceptance of responsi-
> bility on the record.

(Id. at 24.)

The Government presented testimony from George Stauffer, an

agent with the Shelby County Sheriff's Department's DEA Task

Force, and Ethel Foster, Cook's aunt and a codefendant in Cook's

case.  (Id. at 25–43 (Stauffer); id. at 44–59 (Foster).)  Cook

testified also.  (Id. at 60–95.)  Following this testimony, the

Court held that, under the facts presented, Cook was an "organ-

izer or leader" of the relevant criminal enterprise and that the

§ 3B1.1(a) four-level enhancement was appropriate.  (See, e.g.,

id. at 110–11.)

The Government objected to the PSR's three-point downward

adjustment for acceptance of responsibility and to any

acceptance-of-responsibility adjustment.  (Id. at 111–12.)  The

Court decided that Cook had "frivolously denied . . . relevant

conduct," and that, as a result, an acceptance-of-responsibility adjustment was inappropriate. (Id. at 114-15; see also id. at 141-42.) The resulting total offense level was 40. (Id. at 115.)

The Government then stated that the Court should increase Cook's offense level by two levels under U.S.S.G. § 3C1.1, which addresses obstructing or impeding the administration of justice. (Id. at 117-18.) The Government argued that Cook had provided "materially false information to a judge" during his sentencing testimony, warranting the increased offense level. (Id. at 118.) After colloquy with the parties and review of the testimony, the Court agreed that the two-level enhancement was appropriate. (Id. at 126; see also id. at 142.)

The resulting total offense level was 42. (Id. at 127.) Because Cook's criminal-history category was I, the resulting guidelines-sentencing range was 360 months to life imprisonment. (Id.) Cook was sentenced to 360 months' imprisonment. (Id. at 157-58; J. in Criminal Case 2, ECF No. 807.)

**B. Postconviction Proceedings**

On February 22, 2013, Cook filed a Notice of Appeal. (ECF No. 816.) On April 26, 2013, the Sixth Circuit received a letter from Cook stating that he "[had] not seen [his] lawyer since [Cook] got [his] judgment." (Letter from Stephen Cook to U.S. Court of Appeals for the Sixth Circuit (Apr. 26, 2013), ECF No.

7 in 13-5264.) After that letter, there was no substantive activity in the Sixth Circuit until February 2014.

On July 17, 2013, Cook's counsel filed a Motion to Withdraw as Counsel in Cook's criminal case. (ECF No. 849 in 11-20006.) On November 6, 2013, Cook filed in his criminal case a motion asking the Court, <u>inter alia</u>, to permit him to proceed <u>in forma pauperis</u>. (Mot. Requesting Permission to Proceed <u>In Forma Pauperis</u> and Request for Trs., ECF No. 864 in 11-20006.) On February 4, 2014, the Court granted Cook's motion, understanding it as a request for permission to proceed <u>in forma pauperis</u> on appeal. (Order Granting Mot. for Leave to Proceed <u>In Forma Pauperis</u> on Appeal, ECF No. 868 in 11-20006.)

On February 3, 2014, Cook commenced this action by filing the First § 2255 Motion. The motion presents three grounds.[5] Ground 1 is ineffective assistance of counsel. (First § 2255 Mot. 5.) Cook's ineffective-assistance argument states that his prior counsel (a) "fail[ed] to file an appeal" ("Ground 1(a)"); (b) failed "to make sufficient arguments at sentencing" ("Ground 1(b)"); and (c) failed "to investigate the facts of the case be-

_____

[5] The First § 2255 Motion itself states two grounds. (First § 2255 Motion 5-6.) The Court understands the Memorandum in Support of the § 2255 Motion to present a third. (<u>See</u> Mem. ISO First § 2255 Mot. 4-18.) The numbering below is the Court's, not Cook's, and is based on the Court's review of the First § 2255 Motion and the Memorandum in Support of the First § 2255 Motion.

fore recommending [that Cook] enter a plea of guilty" ("Ground 1(c)"). (Id.)

Ground 2 is that Cook "was improperly enhanced at sentencing for conduct not [alleged] in [Cook's] indictment." (Id. at 6.)

Ground 3 is that aspects of Cook's sentence were inappropriate under the U.S. Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). (See generally Mem. ISO First § 2255 Mot. 4–18.) Based on this argument, Cook requests "(1) removal of his obstruction of justice enhancement, (2) removal of his leadership role enhancement, (3) reinstating his [three] point reduction for acceptance of responsibility, (4) removing the [cocaine] amount[] from [his] sentencing equation . . . , (5) allow[ing] arguments on the validity of [Cook's] plea agreement for a downward departure for his substantial assistance [sic], and [that the Court] (6) sentence" Cook only for conspiring to possess 1,000 kilograms of marijuana. (Id. at 18.)

On February 19, 2014, Cook filed in this action a motion to proceed in forma pauperis. (Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. 6.) The Court entered an order on February 21, 2014 (the "February 2014 Order"), that, inter alia, granted Cook's motion and directed the Government to respond to the First § 2255 Motion. (Order, ECF

No. 7.)  The February 2014 Order also granted a prior motion by
Cook requesting appointment of counsel, ordering that "counsel
be appointed from the Criminal Justice Act panel of attorneys."
(Id. at 1-2.)

On February 24, 2014, the U.S. Court of Appeals for the
Sixth Circuit filed an order stating that Cook's counsel before
the Sixth Circuit, Paul J. Springer, had "failed to file the
case opening forms by the required deadline."  (Order, ECF No.
18-2 in 13-5264.)  The Sixth Circuit ordered Springer to file
the forms within seven days "or new counsel [would] be appointed
for [Cook]."  (Id.)  On February 26, 2014, Springer filed a Mo-
tion to Withdraw with the Sixth Circuit.  (ECF No. 19 in 13-
5264.)  Springer represented that he had been retained "to rep-
resent [Cook] at sentencing," not on appeal, and that "since
sentencing a conflict of interest ha[d] arisen between [Cook]
and counsel making adequate representation difficult, if not im-
possible."  (Id. ¶¶ 2, 5.)  On March 4, 2014, the Sixth Circuit
granted Springer's Motion to Withdraw and said that new counsel
would be appointed to represent Cook.  (Order, ECF No. 20-2 in
13-5264.)

On March 20, 2014, Lauren Pasley-Ward was appointed as CJA
counsel for Cook in this action.  (CJA-20 Form, ECF No. 10.)  On
March 25, 2014, the Sixth Circuit filed a letter stating that
Dennis Belli had accepted an appointment to represent Cook on

11

his appeal. (Letter from Ken Loomis, U.S. Court of Appeals for the Sixth Circuit, to Dennis Belli (Mar. 25, 2014), ECF No. 22 in 13-5264; see also Appearance of Counsel, ECF No. 23 in 13-5264.) The Sixth Circuit circulated a briefing schedule on May 1, 2014. (Letter from Bryant L. Crutcher, U.S. Court of Appeals for the Sixth Circuit, to Dennis Belli (May 1, 2014), ECF No. 28 in 13-5264.)

Cook filed his opening brief in the Sixth Circuit on July 14, 2014. (Br. of Def.-Appellant, ECF No. 35 in 13-5264 ("Sixth Circuit Br.").) The brief asserted two issues for review:

> I.  Whether the government breached the plea agreement by a) reneging on its promise to recommend a reduction for acceptance of responsibility, b) relying on false testimony of a co-conspirator to support its request for an obstruction of justice enhancement, and c) negotiating a guilty plea to a marijuana conspiracy and subsequently urging the district court to sentence Cook for a cocaine conspiracy?

> II.  Whether Cook's 360-month prison term is procedurally unreasonable due to errors involving the determination of his role in the offense, obstruction of justice, acceptance of responsibility, and drug quantity; and/or substantively unreasonable due to the district court's unfounded belief that [Cook] "frivolously" litigated his objection to the leadership role enhancement?

(Id. at 2; see also id. at 13-25 (argument about first issue); id. at 25-46 (argument about second issue).)

On July 24, 2014, the Government filed a motion with the Sixth Circuit asking it to dismiss Cook's appeal based on the appeal waiver in the Plea Agreement. (Motion to Dismiss Case –– Appeal Waiver 1–2, ECF No. 39 in 13-5264 ("Mot. to Dismiss Appeal"); see also Section I.A supra (quoting Plea Agreement ¶ 7).) The next day, the Sixth Circuit's case manager for the appeal said in a letter that briefing in the appeal would be "held in abeyance" until the Motion to Dismiss Appeal was decided. (Letter from Bryant Crutcher, U.S. Court of Appeals for the Sixth Circuit, to David Pritchard, U.S. Attorney's Office (July 25, 2014), ECF No. 40 in 13-5264.)

On July 29, 2014, the Government filed its Response in this matter. (See generally Resp. to First § 2255 Mot.) The Response refers to Cook's then-pending appeal, but does not address the effect of the appeal on the First § 2255 Motion. (Id. at 3 n.1.)

On August 4, 2014, Cook filed with the Sixth Circuit a response to the Government's Motion to Dismiss Appeal. (Appellant's Resp. to Appellee's Mot. to Dismiss, ECF No. 41 in 13-5264.) On November 3, 2014, the Sixth Circuit referred the Motion to Dismiss Appeal to the merits panel handling Cook's appeal. (Order, ECF No. 42-2 in 13-5264.) On November 18, 2014, the Government filed a response to Cook's Sixth Circuit Brief. (Br. for Pl.-Appellee, ECF No. 44 in 13-5264.) On December 14,

2014, Cook filed a reply in support of the Sixth Circuit Brief. (Reply Br. of Def.-Appellant, ECF No. 47 in 13-5264.) The Sixth Circuit heard oral argument on Cook's appeal on March 4, 2015. (Minute Entry, ECF No. 51 in 13-5264.)

On April 17, 2015, the Sixth Circuit issued its opinion granting the Motion to Dismiss Appeal. United States v. Cook, 607 F. App'x 497, 498 (6th Cir. Apr. 17, 2015). The Sixth Circuit characterized Cook's relevant arguments as (1) that "the [G]overnment breached the [Plea Agreement] by opposing a reduction for acceptance of responsibility," and (2) that the Government "violat[ed] the covenant of good faith and fair dealing by seeking an obstruction of justice enhancement based on immaterial inconsistencies in testimony" and "by urging the district court to include cocaine in the drug amount calculation." Id. at 499. The Sixth Circuit held that the Government had not breached the Plea Agreement when it opposed an acceptance-of-responsibility reduction. Id. at 500-05. It also held that, under either of Cook's theories, the Government had not breached its covenant of good faith and fair dealing. Id. at 505-08. Because Cook's arguments failed, the Sixth Circuit held that the Plea Agreement's appeal waiver was enforceable. Id. at 508.

On June 15, 2015, Cook filed a petition for a writ of certiorari with the U.S. Supreme Court. (See Letter from Melissa Blalock, U.S. Supreme Court, Office of the Clerk, to Clerk, U.S.

Court of Appeals for the Sixth Circuit (June 18, 2015), ECF No. 54 in 13-5264.) On October 5, 2015, the U.S. Supreme Court entered an order denying that petition. (Letter from Scott Harris, U.S. Supreme Court, Office of the Clerk, to Clerk, U.S. Court of Appeals for the Sixth Circuit (Oct. 5, 2015), ECF No. 59 in 13-5264.)

On February 26, 2016, Cook filed a motion to fire his attorney in this matter, Lauren Pasley-Ward. (Motion to Fire Attorney and Proceed <u>Pro Se</u>, ECF No. 12.)

The same day, Cook filed another motion styled a § 2255 motion, together with a supporting memorandum. (Second § 2255 Mot.; <u>see also</u> Mem. in Supp. of Second § 2255 Mot.) The two § 2255 Motions are very similar. (<u>Compare</u> First § 2255 Mot. <u>with</u> Second § 2255 Mot.) The Second § 2255 Motion is a copy of the First § 2255 Motion, with additional material typed onto the original form. (<u>See, e.g.</u>, Second § 2255 Mot. 2 (adding prisoner number); <u>id.</u> at 5 (adding statements about ineffective assistance); <u>id.</u> at 11 (adding material in response to Questions 13 and 15).) The memorandum supporting the Second § 2255 Motion is different than the memorandum supporting the First § 2255 Motion. (<u>Compare</u> Mem. ISO First § 2255 Mot. <u>with</u> Mem. ISO Second § 2255 Mot.)

After reviewing the Second § 2255 Motion, the Court understands it to reassert all the grounds of the First § 2255 Mo-

tion.  (See generally Second § 2255 Mot.; Mem. ISO Second § 2255

Mot.)  The Second § 2255 Motion also claims to present an addi-

tional ineffective-assistance argument ("Ground 1(d)"): that his

prior counsel "fail[ed] to challenge [a] faulty indictment."

(Second § 2255 Mot. 5; see also Mem. ISO Second § 2255 Mot. 3–

4.)

On September 19, 2016, Lauren Pasley-Ward filed a Motion to

Withdraw as Attorney of Record in this action.  (ECF No. 14.)

The next day, the Court entered an order granting that motion.

(Order Allowing Withdrawal of Counsel, ECF No. 15.[6])

## II.  STANDARDS

Cook seeks relief under 28 U.S.C. § 2255.  (See generally

First § 2255 Mot.; Second § 2255 Mot.)  Under § 2255(a),

> [a] prisoner in custody under sentence of a
> court established by Act of Congress claim-
> ing the right to be released upon the ground
> that the sentence was imposed in violation
> of the Constitution or laws of the United
> States . . . or that the sentence was in ex-
> cess of the maximum authorized by law . . .
> may move the court which imposed the sen-
> tence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255(a).

"To prevail on a motion under § 2255, a [petitioner] must

prove '(1) an error of constitutional magnitude; (2) a sentence

imposed outside the statutory limits; or (3) an error of fact or

_____

[6] That order mooted Cook's previously filed motion to fire Pas-
ley-Ward.

law that was so fundamental as to render the entire proceeding invalid.'" Goward v. United States, 569 F. App'x 408, 412 (6th Cir. 2014) (quoting McPhearson v. United States, 675 F.3d 553, 559 (6th Cir. 2012)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After a petitioner files a § 2255 motion, the Court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings for the U.S. District Courts at Rule 4(b). "If the motion is not dis-

missed, the judge must order the United States attorney to file
an answer, motion, or other response within a fixed time, or to
take other action the judge may order." Id. The § 2255 movant
is entitled to reply to the government's response. Id. at Rule
5(d). The Court may also direct the parties to provide addi-
tional information relating to the motion. Id. at Rule 7(a).
If the district judge addressing the § 2255 motion is the same
judge who oversaw the petitioner's trial, the judge "may rely on
his recollections from trial in deciding" the motion. Fifer v.
United States, 660 F. App'x 358, 363 (6th Cir. 2016) (citing Ar-
redondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

**III. ANALYSIS**

   **A.   Effect of Cook's Appeal on § 2255 Motion**

   The filing of Cook's First § 2255 Motion was improper.
Cook filed that motion after filing a notice of appeal in his
criminal case. "[I]n the absence of extraordinary circumstanc-
es, a district court is precluded from considering a § 2255 ap-
plication for relief during the pendency of the applicant's
direct appeal." Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th
Cir. 1998) (citing cases);[7] see also United States v. Pierce, No.

---

[7] In Starnes v. United States, the Sixth Circuit suggested that
the Capaldi rule may not apply where "a defendant's conviction
has become final." 18 F. App'x 288, 291 (6th Cir. 2001).
Starnes stated that, when a convicted defendant petitions for a
writ of certiorari from the U.S. Supreme Court, the defendant's
conviction becomes final on the date the Supreme Court denies

CR 5:14-056-DCR-1, 2016 WL 782393, at *1 (E.D. Ky. Feb. 29, 2016) (quoting Capaldi). The First § 2255 Motion makes no showing of extraordinary circumstances.

Under Capaldi, the Court could not have addressed the First § 2255 Motion during the pendency of Cook's direct appeal. In this case, the Sixth Circuit has now ruled on Cook's appeal, and Cook has filed another document styled a § 2255 motion that raises the arguments presented in the First § 2255 Motion. "[W]here a second habeas petition is filed before final adjudication of the initial petition, courts generally construe the second petition as a motion to amend the first petition." United States v. Burlingame, No. 15-cr-20042, 2016 WL 6459588, at *1 (E.D. Mich. Oct. 31, 2016) (citing cases); see also, e.g., Gregley v. Bradshaw, No. 1:14 CV 50, 2015 WL 1275322, at *3 (N.D. Ohio Mar. 19, 2015) ("While neither the Supreme Court nor the Court of Appeals for the Sixth Circuit has addressed the issue, other courts have uniformly held that when a second habeas petition is filed before the adjudication of the initial petition is complete, the district court should construe the second petition as a motion to amend the first petition, rather than as a second or successive petition.").

---

the petition. Id. at 292. Under that rule, Cook's conviction became final on October 5, 2015. When Cook filed the First § 2255 Motion on February 3, 2014, his conviction was not yet final. The Starnes exception to the Capaldi rule does not apply.

The Court will treat the First § 2255 Motion as ripe for review, and the Second § 2255 Motion, to the limited extent that it adds new arguments, as an amendment to the First § 2255 Motion.

## B. Timeliness

Under § 2255(f)(1), a § 2255 motion is timely if filed within one year of "the date on which the judgment of conviction becomes final." Cook's judgment of conviction became final on the date that the U.S. Supreme Court denied his petition for a writ of certiorari. Starnes, 18 F. App'x at 291. That date was October 5, 2015. Cook filed the First § 2255 Motion well before that, on February 3, 2014. The First § 2255 Motion is timely.

The Court treats the Second § 2255 Motion as an amendment to the First § 2255 Motion. Proposed amendments to a § 2255 motion must be filed within § 2255(f)'s one-year statute of limitations. See, e.g., Berry v. United States, No. 214-CV-02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017). Filed on February 26, 2016, the Second § 2255 Motion was filed within one year of the date that Cook's judgment of conviction became final. The Second § 2255 Motion is timely.

## C. Collateral-Attack Waiver

In the Response to the First § 2255 Motion, the Government argues that the Plea Agreement's collateral-attack waiver bars the First § 2255 Motion. (Resp. to First § 2255 Mot. 4-6.)

Cook has not replied to that argument in this proceeding. Cook and the Government addressed the issue at length, however, before the Sixth Circuit. (See generally Section I.B supra.)

Paragraph 7 of the Plea Agreement states that Cook "waives his right to challenge the manner in which [his] sentence was determined . . . in any collateral attack or future challenge, including but not limited to a motion brought under [28 U.S.C. § 2255]." In granting the Government's Motion to Dismiss Appeal, the Sixth Circuit held that the appeal waiver in Paragraph 7 was enforceable. Because the appeal waiver is enforceable, it follows that the collateral-attack waiver in Paragraph 7 is enforceable as well.

Cook has waived his right to collaterally attack "the manner in which [his] sentence was determined." That undercuts most of the arguments in the § 2255 Motions. Ground 1(b) asserts that Cook received ineffective assistance of counsel based on his sentencing counsel's failure to "make sufficient arguments at sentencing." (First § 2255 Mot. 5; Second § 2255 Mot. 5.) That challenges the manner in which Cook's sentence was determined.

Ground 1(d) argues that Cook received ineffective assistance because his prior counsel "fail[ed] to challenge a faulty indictment." (Second § 2255 Mot. 5; see also Mem. ISO Second § 2255 Mot. 3-4.) Cook's view is that, because the original in-

dictment (or the superseding indictment) did not refer to co-
caine, the Court erred at sentencing by taking into account
Cook's alleged possession of 30 kilograms of cocaine. (Second
§ 2255 Mot. 6; see also First § Mot. 6 (same wording); Mem. ISO
First § 2255 Mot. 2, 17; Mem. ISO Second § 2255 Mot. 3–4, 7.)
That argument challenges the manner in which Cook was sentenced.

Ground 2 is that Cook "was improperly enhanced at sentenc-
ing for conduct not alleged in [Cook's] indictment." (First
§ 2255 Mot. 6; Second § 2255 Mot. 6.) That argument is essen-
tially identical to Ground 1(d); it challenges the way Cook was
sentenced.

Ground 3 is that various aspects of Cook's sentence were
inappropriate under Alleyne. (See Mem. ISO First § 2255 Mot. 4–
18; Mem. ISO Second § 2255 Mot. 8–10.). That is also a chal-
lenge to Cook's sentencing.

Grounds 1(b), 1(d), 2, and 3 of the § 2255 Motions are
DENIED.

### D.  Ground 1(a)

Ground 1(a) of the § 2255 Motions contends that Cook re-
ceived ineffective assistance of counsel because his prior coun-
sel failed to file an appeal. (First § 2255 Mot. 5; Second
§ 2255 Mot. 5.) When Cook filed the First § 2255 Motion, on
February 3, 2014, it had been almost a year since Cook had filed
the notice of appeal, and he had heard nothing from the Sixth

Circuit.  (See Section I.B supra.)  The Sixth Circuit eventually heard Cook's appeal, and resolved it before Cook filed the Second § 2255 Motion.[8]  Because Cook received appellate review of his criminal conviction, Ground 1(a) is moot.

Ground 1(a) of the § 2255 Motions is DENIED as moot.

**E.   Ground 1(c)**

Ground 1(c) of the § 2255 Motions argues that Cook received ineffective assistance because his sentencing counsel did not "investigate the facts of the case before recommending" that Cook enter a guilty plea.  (Second § 2255 Mot. 5; see also First § 2255 Mot. 5.)  The Government's Response to the First § 2255 Motion argues that Cook "does not develop this allegation . . . other than to make brief references to guidelines enhancements for a leadership role and obstruction."  (Resp. to First. § 2255 Mot. 11.)

The Government's argument is well taken.  Among the First § 2255 Motion, the Second § 2255 Motion, and the memoranda in support of the § 2255 Motions, Cook cites no specific investigative failures.  There has been no showing of what the failures were.  The Court will not search the record to find applicable instances.  United States v. Fowler, 819 F.3d 298, 309 (6th Cir. 2016) ("'Issues adverted to in a perfunctory manner, unaccompa-

---

[8] Ground 1(a) appears to be in the Second § 2255 Motion only because that motion is largely a copy of the First § 2255 Motion.

nied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.'") (quoting El-Moussa v. Holder, 569 F.3d 250, 257 (6th Cir. 2009) (quoting McPherson v. Kelsey, 125 F.3d 989, 995–96 (6th Cir. 1997)) (alteration in McPherson).

Ground 1(c) of the § 2255 Motions is DENIED.

All of the grounds of the § 2255 Motions are denied. The § 2255 Motions are DENIED.

## IV. APPEAL ISSUES

Under 28 U.S.C. § 2253(a), a district court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. Id. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); see also

<u>Landers v. Romanowski</u>, No. 15-1753, 2017 WL 395976, at \*2 (6th Cir. Jan. 30, 2017). A COA does not require a showing that the appeal will succeed. <u>Miller-El</u>, 537 U.S. at 337; <u>Caldwell v. Lewis</u>, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. <u>Bradley v. Birkett</u>, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Cook is not entitled to relief. He cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997). To appeal <u>in forma pauperis</u> in a § 2255 case, and avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Id.</u> at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, a prisoner

must file his motion to proceed _in forma pauperis_ in the appellate court.  <u>See</u> Fed. R. App. P. 24(a)(4)-(5).

In this case, because Cook is clearly not entitled to relief, the Court denies a COA.  It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal _in forma pauperis_ is DENIED.[9]

**V.    CONCLUSION**

The § 2255 Motions are DENIED.

So ordered this 31st day of March, 2017.

<u>/s/ Samuel H. Mays, Jr.</u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[9] If Cook files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed _in forma pauperis_ and supporting affidavit in the U.S. Court of Appeals for the Sixth Circuit within 30 days.